A. H. THOMAS, ET AL., *v.* JAMES MCGUIRE.

[Abstract Kentucky Law Reporter, Vol. 1—65.]

**Rights of a Licensee.**

A contract not in the nature of a lease, but in the nature of a license, imports trust and confidence in the exercise of rights by the licensee, and such rights cannot be delegated or assigned as in case of an ordinary lease.

**Admissibility of Evidence.**

Where a contract is not a lease, but amounts to a license, and is therefore not assignable, there is no error in the court's refusal to allow proof of the assignments of such contract.

## APPEAL FROM LEE CIRCUIT COURT.

### June 1, 1880.

OPINION BY JUDGE HINES:

The contract between appellee and G. W. Webb is not in the nature of a lease which would authorize the lessee to sublet, but a contract in the nature of a license to Webb to enter upon the land and, in conjunction with appellee in the character of a partner, to do certain things. It imports trust and confidence in the exercise of rights by Webb that cannot be delegated, as in the case of an ordinary lease for years when the owner of the realty parts with the whole interest for a time certain. There was, therefore, no error in refusing to allow appellants to prove the assignments to the several defendants of the contract made by appellee with Webb; nor was there any error in refusing the evidence of Pryse because it would in effect contradict the written terms of the contract between appellee and Webb without any allegation of fraud or mistake.

There is error, however, in the instructions given by the court below. The effect of these instructions is to make each and all of the defendants responsible for the trespass of the others with which they had no connection. The evidence in this case shows that in the trespasses committed by some of these appellants there was no participation by others, no conspiracy, no advising or encouraging, and no ratification. Without some of these elements there can be no joint liability. A joint liability necessarily imports a joint wrong. This is ignored by the instructions given, and this fact necessarily rendered the instructions detrimental to all by misleading the jury.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings.

*H. C. Lilly*, for appellants. *William Lindsay*, for appellee.